IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| RICHARD DEWS, | : | |
| | : | Civil Action No. 18-1437(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN J. YOUNG, | : | |
| | : | |
| Respondent | : | |

This matter is before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241; Respondent's Answer (ECF No. 6); and Respondent's Letter Application, dated September 11, 2018 (ECF No. 7), requesting that the Court dismiss this matter as moot because Petitioner has been released from federal custody.

I. BACKGROUND

On February 1, 2018, Petitioner, an inmate confined at the Federal Correctional Institution in Fairton, New Jersey, filed a petition for writ of habeas corpus under § 2241, arguing that the U.S. Parole Commission violated his Due Process rights with respect to a parole revocation hearing, and that Petitioner was illegally held in detention beyond his maximum sentence. (Pet., ECF No. 1.) Respondent filed an answer to the petition on August 2, 2018,

contending that (1) the Commission did not impermissibly extend Petitioner's original term of imprisonment; rather, it imposed a new term of imprisonment for violating his terms of supervised release; (2) Petitioner's complaint of a delayed revocation hearing should be summarily denied because by accepting the expedited revocation proposal, he waived his right to raise the issues raised in the petition; and (3) when the Commission issued the violator warrant on October 23, 2014, Petitioner's supervised release had a termination date of January 2, 2018; therefore, the warrant was lawfully issued. (Answer, ECF No. 6 at 8-14.)

On September 11, 2018, Respondent submitted a letter application requesting that the Court dismiss this action because Petitioner was released from federal custody upon expiration of his sentence on September 10, 2018, causing his habeas petition to become moot. (Letter, ECF No. 7; Declaration of Elizabeth Pascal, Ex. 1, ECF No. 7-1 at 3.)

II. DISCUSSION

Once a parolee's sentence has expired, "'some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7, (1998). There is no presumption of collateral consequences to meet Article III's injury in fact requirement for challenges to revocations of parole. Id. at 14. A petitioner must demonstrate

collateral consequences to avoid dismissal of the petition as moot. Spencer, 523 U.S. at 14-18. Petitioner has not responded to Respondent's application to dismiss the petition as moot. Mootness deprives a court of the power to act because there is nothing to remedy. Id. at 18.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition as moot.

An appropriate Order follows.

Dated: November 20, 2018

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**